McCAW and Others *v.* BURK and Another.

PRACTICE.— *Weight of Evidence.*—Where there is a conflict in the testimony, this court will not reverse a judgment on the weight of the evidence.

CONVEYANCE.— *Consideration.*—A deed of conveyance of real estate is good between the parties thereto without any consideration.

VOLUNTARY CONVEYANCE.— *Trust.*—Where a husband voluntarily conveys real estate to his wife, or a father to his child, no trust arises in his favor, but the presumption is that the conveyance is intended as a provision or advancement. This presumption is not conclusive. The *onus* of removing it is upon him who insists that a trust exists.

SAME.—*Marriage.*—The owner in fee of certain real estate conveyed the same

in fee, his wife joining in the deed, to his brother, who, having received the title for such purpose, immediately conveyed in fee to the wife and minor daughter of the original grantor. Both deeds were voluntary, the former expressing a consideration in a certain sum, the latter none. After the deeds were recorded, the daughter intermarried with one who had knowledge of the deeds and believed her to be the lawful owner of the land so conveyed to her. The daughter died, leaving one child, the only issue of such marriage; and the child died, leaving its father its sole heir at law.

*Held,* in a suit by the surviving father of such child for partition, the original grantor still retaining possession, that no trust resulted to such grantor under the deeds.

*Held,* also, that the marriage of the daughter made her a purchaser for a valuable consideration, and it would be a fraud upon her husband to withdraw the estate passed to her.

*Held,* also, that the plaintiff was entitled to possession of the land so conveyed to said daughter.

APPEAL from the Marion Circuit Court.

GREGORY, J.—Prior to the 12th of June, 1860, William McCaw, one of the appellants, was the owner in fee of some two hundred and forty acres of land in Marion county. On that day he conveyed the land, his wife joining in the deed, to his brother, Nelson McCaw, and Nelson and wife immediately conveyed the land to the wife and two daughters of William.

Shortly after these deeds were executed, one Ray obtained a judgment against William McCaw for several hundred dollars, upon which execution was issued to the sheriff of Marion county, who levied upon, duly advertised, and sold twenty acres of the land to satisfy the execution; and the appellee Hosbrook purchased the twenty acres, paid his money, and received a sheriff's deed therefor. None of the parties, Ray, Hosbrook, or the sheriff, knew at the time of the sale that McCaw had put the property out of his hands. In a short time thereafter Hosbrook informed McCaw of his purchase, and wanted to know when he could have possession. McCaw then told Hosbrook, that the land did not belong to him, McCaw, but to his wife and children; that he had conveyed to them some time before the judgment

and sale; that the deeds were *bona fide*; and that he, McCaw, had no sort of title to, or interest in, the land.

Hosbrook commenced a suit to set aside the deeds, on the ground that they were made to hinder, delay, and defraud the creditors of William McCaw. McCaw appeared, and filed the general denial, and had the case continued on his affidavit, in which he swore, that he could prove by one Todd that the deeds were *bona fide* and made for a valuable consideration, and that these facts were true.

Burk, the appellee, on the 11th of March, 1862, married Eliza J. McCaw, the daughter of William, and one of the grantees in the deed from Nelson.

Burk knew of the deeds—they were upon record—and believed her to be lawful owner of one third of the land. On the 24th of April, 1863, Mrs. Burk gave birth to a living child, the issue of the marriage, and died a few days afterwards, leaving her child and her husband surviving her. On the 11th or 12th of May, afterwards, the child died, leaving the father, Jacob J. Burk, its sole heir at law.

Burk compromised with Hosbrook, the latter consenting to take a share of the land from the former and waiving his right to recover on the sheriff's deed. Accordingly, Burk conveyed a moiety of his interest in the land to Hosbrook, and Burk and Hosbrook immediately commenced a suit for partition of the lands. William McCaw was made one of the defendants. It is not charged in the complaint that he is the owner of any portion of the land; but that he is in possession of eighty acres thereof. The other one hundred and sixty acres were then, and had been for years past, in the possession of William's mother, who lived with him, and had a sort of life estate in the one hundred and sixty acres, and received the rents for her support.

The complaint is in the statutory form. William and Maria each answered by the general denial; and Nancy, a minor, pleaded the same issue by guardian *ad litem*. William filed a second paragraph of answer, setting up, that the deeds from himself and wife to Nelson McCaw and

from the latter and wife to the wife and daughters of William, were only intended as a mortgage to secure Maria (the wife) for a debt due to her from William; that the former was the owner in her own right of certain other lands which could be readily sold, and that William, being in debt, wanted to sell her lands to raise money to pay his debts; that Maria consented, and thereupon William made these deeds as a mortgage to his wife and two daughters, to secure a debt due his wife alone; that William thereupon consulted Robert L. Walpole, an attorney, who advised him that he could redeem his land from these deeds, at any time, by paying the wife what he owed her, and that when he had done this the land would revest in him discharged of all claims and incumbrances; that, at the time the deeds were made, Walpole drafted an instrument in writing which set forth the object of making the deeds, and recited that upon payment of the debt due his wife by William, the lands should revest in him, William; that the instrument was signed by Nelson McCaw, Maria McCaw, and R. L. Walpole, and left with Walpole, and is lost; that the two daughters only held the land in trust for William; and that Burk had notice of the trust.

To this paragraph of the answer Burk and Hosbrook each replied the general denial, and also a special reply, in which it is averred, that the deed from William and his wife to his brother, Nelson, was upon its face an unconditional deed in fee simple, without any condition or trust other than that Nelson should convey the lands in fee simple to the wife and children of William, to be held by them as tenants in common, in equal shares, in fee simple; that Nelson conveyed the lands accordingly; that Eliza was then a minor; that on the 11th of March, 1862, Burk married said Eliza, supposing her to be the owner in fee simple of an undivided third part of the land by deed then of record, and without any notice or knowledge that the deed to Eliza and others was subject to any trust, or mortgage, or defeasance whatever; that on the 24th of April, 1863, Eliza

gave birth to a child, the issue of their marriage; that Eliza died April 30th, 1863, and the child died May 13th, 1863, leaving the father, Burk, its sole heir at law.

William demurred to this paragraph of the reply. The demurrer was overruled.

The case was tried by the court, finding as follows:—

"1. That the deeds from William McCaw and wife to Nelson McCaw and from Nelson McCaw and wife to Maria, Eliza, and Nancy McCaw, for the premises in controversy, do not upon their face import a trust in favor of said William.

"2. That said deeds were not executed as a mortgage.

"3. That said deeds were voluntary;—that from Wm. McCaw to Nelson expressing a consideration of $3,000, the other expressing none.

"4. That about two years after the execution and recording thereof, the plaintiff Burk intermarried with Eliza, one of the grantees; that about one year after said marriage, a child was born, the issue thereof; that soon after the birth of said child, Eliza, the mother, died; and soon after her death, and before the commencement of this suit, the said child died also.

"5. That Nelson McCaw is the brother of William, Maria the wife of William, and Nancy and Eliza his daughters; the said Nancy and Eliza being infants at the time of the execution of said conveyances.

"6. That William McCaw has been in possession of eighty acres of the land ever since the execution of said conveyances, and the plaintiff Burk and wife have not resided upon or had possession of any portion of the premises in controversy since their marriage. That the plaintiffs are entitled to one equal third part of the land described in the complaint whereof partition is claimed."

The appellants moved for a new trial; the motion was overruled, and they excepted.

The evidence is made a part of the record by a bill of exceptions.

There is a clear conflict in the evidence as to whether the deeds under which the appellees claim title were executed as a mortgage.

This court would not reverse a judgment on the weight of the evidence. It is, however, but just to the learned judge who tried this case in the court below, to say that we have carefully considered the testimony and are entirely satisfied with the finding.

There are three grounds upon which the appellants claim a ruling in their favor. The first turns upon a question of fact, which we have already noticed. The second is, that the deed from William to Nelson and that from the latter to Maria and the two daughters being voluntary, and the latter expressing no consideration, Maria, Eliza, and Nancy only took the land in trust for William McCaw; consequently, that there was no estate in Eliza descendible to Burk, and he is without interest in the premises. The third is, that the deeds being voluntary, and the grantor, William, having continued in possession, the court can not enforce them by giving the grantees possession.

There is a consideration named in the deed from William to Nelson. This deed passed the title out of the former and vested it in the latter, subject only to the trust assumed of passing it over to the wife and daughters. Indeed, it was but one transaction. Nelson McCaw was the mere conduit through which the title passed from William McCaw to his wife and two daughters.

Whatever the rule may be as between parties not bearing the relationship of husband and wife or parent and child, it is clear that when a husband voluntarily conveys to his wife, or a father to his child, no trust arises in his favor, but the presumption is that the conveyance was intended as a provision or advancement. This presumption is not conclusive. The *onus*, however, of removing it is upon him who insists that a trust exists.

It has been repeatedly held by this court, that a deed is good between the parties without any consideration. *Ran-*

*dall* v. *Ghent,* 19 Ind. 271; *Thompson* v. *Thompson,* 9 Ind. 323; *Doe* v. *Hurd,* 7 Blackf. 510; *M'Neely* v. *Rucker,* 6 Blackf. 391.

The third proposition remains to be considered. No aid will be given to compel the execution of a gift; but that principle does not apply to this case. Here the deeds were executed, the title passed, and only a naked possession remained in the grantor.

But independent of this, the subsequent marriage of Eliza made her a purchaser for a valuable consideration, and it would be a fraud on her husband to withdraw the estate passed to her. *Sterry* v. *Arden,* 1 Johns. Ch. 261; *Brown* v. *Carter,* 5 Vesey, 861.

The court committed no error in overruling the demurrer to the second paragraph of the reply, or in overruling the motion for a new trial.

Judgment affirmed, with costs.

*S. Major,* for appellants.

*L. Barbour* and *C. P. Jacobs,* for appellees.