CAMPBELL *v.* GITHENS.

[No. 14,454. Filed July 27, 1932.]

*Frank L. Martino* and *Holder & Diven,* for appellant.

CURTIS, J.—This was an action upon an account brought by the appellant against the appellees Githens and Langmaid, who are alleged to have been partners doing business under the name of Central States Distributors. To the complaint Githens filed a general denial closing the issues as to him. Langmaid filed an answer denying liability and setting up the contention that he is not and never had been associated or connected with the Central States Distributors. To this answer the appellant filed a reply in general denial and an additional paragraph of reply setting up in effect a holding out as a partner of the appellee Langmaid and asking that he be estopped from now denying that

he was and is a partner. To this second paragraph of reply a general denial was filed, thus closing the issues.

There was a trial before the court, who found for the appellant against Githens but found against the appellant as to the appellee Langmaid. A motion for a new trial was filed, and overruled, and judgment entered in accordance with the finding, and this appeal prayed and perfected. The motion for a new trial was upon the causes that the decision of the court is contrary to law and not sustained by sufficient evidence. The error of the court in overruling the motion for a new trial is relied upon for reversal.

The appellees have failed to furnish us a brief, and under the rules and decisions of the Supreme Court and this court, this will be taken to be a confession of error, provided the appellant has made a *prima facie* showing of reversible error. The appellee, Langmaid, at the close of the appellant's (plaintiff's) evidence moved for a judgment in his favor. This motion for judgment on the evidence was equivalent to a demurrer to the evidence. The principles which the court must apply in considering a demurrer to the evidence are: (1) The court is bound to accept as true all of the facts which the evidence tends to prove and is bound to draw from the evidence all reasonable inferences a jury might draw therefrom against the party demurring. (2) If there is a conflict in the evidence, then only such evidence as is favorable to the party against whom the demurrer is directed, can be considered and that which is favorable to the demurring party is deemed to be withdrawn. See *Curryer* v. *Oliver*, 27 Ind. App. 424, 60 N. E. 364, 61 N. E. 593; *Palmer* v. *The Chicago, St. Louis and Pittsburgh Railroad Company*, 112 Ind. 250, 14 N. E. 70.

The appellant in his brief states that the evidence showed: "that Langmaid and Githens came to his office

together to talk about the work to be done for them by Campbell (appellant"); that "appellant at that time asked Mr. Langmaid if he was interested in the Central States Distributors and Langmaid told him that he was. Campbell then talked to both of them about the accounts and the work to be done and arrangements were made for work, and deliveries, and payments to be made. . . . that the work was done for the Central States Distributors in reliance on the understanding he had been given that Langmaid was a partner"; that the witness Nellie Breeden testified "that Langmaid on various occasions came into the Campbell place of business and inspected the work being done for Central States Distributors"; that the witness Hugo Fechtman testified "that Mr. Langmaid purchased certain Kodaks for the Central States Distributors and had them sent to Campbell's address, where they were used in packing boxes, advertising matter, etc., the work done for Central States Distributors for which the account sued upon herein was incurred." It is also stated by the appellant that "the only evidence before the court to, in any way, contradict the evidence of the plaintiff is that of the defendant, Githens, that he owed the account individually. No denial is made of the acts of estoppel relied on by the plaintiff. No testimony was submitted by Langmaid."

Clause 5 of rule 22 of this court, among other things, provides as follows: "If the insufficiency of the evidence to sustain the verdict or finding in fact or law is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely. The statement will be taken to be accurate and sufficient for a full understanding of the questions for decision unless the opposite party in his brief shall make necessary corrections or additions." Under the circumstances of the instant case necessarily no corrections or

additions have been made by the appellee. We are constrained to believe that had the appellee not abandoned his case and failed to file a brief, that a different result might be reached, but we do not feel justified in taking the time of the court to do the work of appellee and his attorney.

In *Irvine* v. *Baxter Stove Company*, 70 Ind. App. 105, 123 N. E. 185, this court said: "Where one holds himself out as a partner or knowingly permits himself to be so held out, he is liable to a creditor dealing with such firm, in the belief that such representation is true, as fully as if he were a partner in fact." This is undoubtedly the law. There was no evidence to controvert the evidence of estoppel relied upon by the appellant as to Langmaid and in view of the record as it is presented to us, we believe the appellant has made a *prima facie* showing of reversible error. The judgment is reversed with instructions to grant a new trial and for further proceedings not inconsistent with this opinion.

Judgment reversed.