SINGLETON *v.* CUSHMAN

[No. 17,501. Filed January 21, 1947.]

 

*Stiles & Bayor,* and *Herman L. Key,* all of Gary, for appellant.

*Murray, Schell & McGehee,* of Gary, for appellee.

CRUMPACKER, C. J.—On or about May 7, 1941, Charles H. Hepner and wife conveyed, by warranty deed, certain improved real estate in the city of Gary, Indiana, commonly known as No. 2609 Massachusetts Street, to the appellee and appellant and in said deed designated them as "Lovell R. Cushman and Isabella Cushman, husband and wife." On September 17, 1942, the appellee and appellant, designating themselves as "Lovell R. Cushman and Isabella Cushman, husband and wife," deeded said property to one William Drake, an unmarried man, who, the following day, reconveyed it to the appellee as the sole grantee. As consideration for the deed of September 17, 1942, the appellant was allegedly paid the sum of $50 and was to be permitted to occupy the premises rent free until September 17, 1943. In July, 1945, the appellant was still in possession thereof and upon demand refused to vacate and the appellee thereupon brought this suit for possession and damages for unlawfully holding over. The appellant answered to the effect (1) that she did not execute the deed of September 17, 1942; (2) that said deed was executed wholly without consideration; and (3) that her true name is and was Isabella Singleton. That on September 17, 1942, she was a married woman, being the wife of one Leo Singleton to whom she is still married and that he did not join in the execution of the deed of that date, and therefore said deed is null and

void and she remains the owner of an undivided one-half of the property in controversy as a tenant in common with the appellee. These issues' were tried to a jury which returned a verdict for the appellee that he is the owner and entitled to the immediate possession of the real estate described in his complaint and, over the appellant's motion for a new trial, judgment went accordingly. The motion for a new trial charges error in the giving and refusing of certain instructions and that the jury's verdict is not sustained by sufficient evidence and is contrary to law.·

Although the evidence is conflicting as to the extent, if at all, the parties hereto lived together as man and wife, neither contended, upon the trial of the cause, that they are or ever were married by benefit of clergy or at common law. It follows therefore that the deed of May 7, 1941, or thereabouts, from the Hepners vested title in the appellant and appellee as tenants in common, each owning an undivided one-half of the real estate involved. There is ample evidence in the record to sustain the jury's finding that the deed of September 17, 1942, whereby said real estate was conveyed to William Drake was executed by the appellant and that she received a valuable consideration therefor.

The appellant insists however that, even so, she was a married woman at the time and that, as her husband did not join in the conveyance, said deed is null and void and leaves her still the owner of an undivided one-half of the real estate involved as a tenant in common with the appellee. Whether or not, under the facts in this case, the appellant is bound by an estoppel *in pais* as provided·by § 38-102, Burns' 1933, we do not decide as the jury may have concluded that she was not a married woman at the time of such

conveyance. The only evidence that the appellant was ever married is her own statement to the effect that in 1938 she married one Leo Singleton, separated from him in 1939, hasn't seen or heard of him since and doesn't know whether he is living or dead. •She has a child by one Eugene King, to whom she was never married, and when the appellee first met her in 1941 she was known as Mrs. Nelson and apparently living with a man by that name at 2530 Adams Street in the city of Gary. In view of such evidence we cannot say that the jury was not justified in disbelieving her testimony in reference to her alleged marriage to Singleton and finding that she was a single woman when she signed the deed of September 17, 1942.

In instructing the jury the court refused all instructions tendered and upon its own motion gave instructions Nos. 1 to 19, both inclusive. The appellant objected to the court's refusal to give the instructions tendered by her and also to Nos. 13, 15 and 16 of those given. In her brief however she complains of but one —the court's instruction No. 16 which reads as follows:

"You are further instructed that if you find from all of the evidence that the plaintiff and the defendant went to the office of Attorney Shell in the City of Gary, Indiana, on the 17th day of September, 1942, and that the defendant there, together with the plaintiff, signed, sealed and acknowledged before a notary public a warranty· deed conveying the real estate described in plaintiff's complaint to William Drake, unmarried, and if you should so further find from the evidence that William Drake then conveyed and warranted said described real estate to the plaintiff, Lovell - R. Cushman, you will find for the plaintiff."

The appellant objected below and makes a point here that this instruction is mandatory and is clearly bad

in that it entirely omits the necessity of a finding of consideration for the deed mentioned.

The appellee contends it is not erroneous for the reason stated because a conveyance of real estate without any consideration, good or valuable, is valid and binding between the parties and their privies and therefore the question of consideration is immaterial. In support of this proposition he refers us to *Fouty* v. *Fouty and Another* (1870), 34 Ind. 433; *McCaw and Others* v. *Burke and Another* (1869), 31 Ind. 56; *Randall and Others* v. *Ghent and Another* (1862), 19 Ind. 271. These cases however are each instances wherein the conveyance in question was a voluntary deed.

A voluntary deed is one executed without valuable consideration. *Stauffer* v. *Martin* (1909), 43 Ind. App. 675, 88 N. E. 363. Some courts have defined it as a deed founded exclusively on a good, as distinguished from a valuable, consideration, on motives of generosity and affection, rather than on a benefit received by the grantor. *Pippin* v. *Tapia* (1906), 148 Ala. 353, 42 S. 545; *Bibb, Adm'x.* v. *Freeman* (1877), 59 Ala. 612; *Early & Lane* v. *Owens* (1880), 68 Ala. 171. Neither party to the deed involved here contends that it is such a deed. On the contrary the appellee insists that the appellant conveyed her interest in the real estate involved upon consideration of $50 in hand paid and the privilege of free occupancy of the premises for one year thereafter, which privilege she exercised. The appellant insists, on the other hand, that she expected to be paid something but got nothing and pleaded such want of consideration as a defense. Both under the issues joined on the pleadings and the state of the evidence in proof thereof consideration was

an essential fact to the validity of the deed in controversy.

The instruction in question wholly omits the necessity of finding this essential fact and being mandatory is clearly erroneous. In Watson's Work's Practice, Vol. 2, § 1742, the rule is expressed as follows: "If an instruction purports to direct the jury to find a certain verdict upon the finding of stated facts, all the facts necessary to support such verdict must be stated in that instruction, as other instructions cannot be searched to supply any omitted fact."

This court said in *American, etc., Tin Plate Co.* v. *Bucy* (1909), 43 Ind. App. 501, 504, 87 N. E. 1051: "It has always been held that where the court directs a particular verdict, if the jury should find from the evidence certain facts to exist, the instruction must embrace all the facts and conditions essential to such a verdict. In such a case, if an essential fact is omitted, it is not sufficient to supply the omission in another instruction." To like effect are the holdings in *Moorman Mfg. Co.* v. *Barker* (1942), 110 Ind. App. 648, 40 N. E. (2d) 348; *Indianapolis Traction, etc., Co.* v. *Mathews* (1912), 177 Ind. 88, 97 N. E. 320; *Chicago, etc., R. Co.* v. *Glover, Adm.* (1900), 153 Ind. 584, 57 N. E. 244, and many others.

For error in giving instruction No. 13 the judgment herein is reversed and the cause is ordered remanded to the trial court with instructions to sustain the appellant's motion for a new trial.

DRAPER, J., not participating.

NOTE.—Reported in 70 N. E. (2d) 642.