SPANIER *v.* SPANIER

[No. 18,084. Filed February 1, 1951.]

*Earl W. Johnson*, of Hammond, for appellant.

*Straley Thorpe*, of Hammond, for appellee.

MARTIN, J.—Appellant brought this action against appellee for partition, alleging that the parties are tenants in common of certain real estate. From an adverse judgment appellant prosecutes this appeal, claiming error by the court in overruling his motion for a new trial.

At the outset we are met by appellee's contention that no question is presented because the grounds of the motion are such as may only be presented by independent assignments of error. However this may have been formerly, appellee's contention is without merit by reason of Rule 2-6. This rule now provides: "If, in the trial court, a motion for a new trial is filed, each error relied upon, however and whenever arising up to the time of the filing of said motion, may be separately specified therein as a ground therefor, and an assignment of error to the effect that

the trial court erred in overruling said motion shall be sufficient to raise said asserted error on appeal."

Appellee defaulted. The cause was submitted and evidence heard. The court found that the parties were each entitled to an undivided one-half interest in the real estate. Commissioners were appointed, who reported that the premises cannot be divided without damage to the owners. The court then found the property to be indivisible and appointed a commissioner to sell the same at private sale.

Thereafter, apparently at a later term of court, appellee appeared and filed her verified petition to set aside the findings and proceedings. Appellant's demurrer to this petition was overruled, and this ruling is challenged. Appellant says the petition or application is required by the statute, § 2-1068, Burns' 1946 Replacement, to be by complaint filed and notice issued as in original actions. "However, this court has held that where an application to set aside a judgment is required to be by independent action, it will be so treated notwithstanding it is entitled as part of the original action and designated as a motion." *Gilmer* v. *Hurst* (1946), 117 Ind. App. 102, 69 N. E. 2d 608, citing *Vail* v. *Dept. of Financial Institutions* (1938), 106 Ind. App. 39, 17 N. E. 2d 854. When appellant filed his demurrer to the petition he thereby waived the failure of process. *Gilmer* v. *Hurst,* *supra.*

Appellant asserts that the court erred in setting aside the default judgment without first hearing evidence. We find nothing in appellant's brief which indicates that no evidence was heard, and therefore presume that the court acted regularly.

After various pleadings were filed the cause was submitted to trial on appellant's complaint. At the conclusion of appellant's evidence appellee filed what

she designates as a demurrer to the evidence, asking that the court find for the appellee. The court made an entry that the demurrer was sustained, found for appellee and entered judgment that appellant take nothing by his complaint; that appellee recover her costs herein. This action is challenged as error.

While the document is designated a demurrer to the evidence it is obviously not that. It does not set out appellant's evidence. Rather it is a motion to find for appellee, and must be so treated.

This motion presents the question as to whether or not the evidence introduced on behalf of appellant, assuming it to be true, and considering as proved all facts which the evidence proves, or by legitimate inference tends to prove, establishes the appellant's case as laid. *Abernathy* v. *McCoy* (1926), 91 Ind. App. 574, 154 N. E. 682; *Smith* v. *Switzer* (1933), 205 Ind. 404, 186 N. E. 764; *Campbell* v. *Githens* (1932), 94 Ind. App. 681, 182 N. E. 100.

There was evidence establishing or tending to establish the following facts:

On May 19, 1947, the Central Construction Corporation made its warranty deed "to Arthur John Spanier (appellant) and Pauline Spanier (appellee), husband and wife."

Thereafter appellee filed suit against appellant for an absolute divorce. This cause was tried and the court found and adjudged "that the defendant, Arthur Spanier, prevail in this action; that the plaintiff, Pauline Spanier, is not entitled to a decree of absolute divorce of and from the defendant, Arthur Spanier; that the plaintiff and defendant's relationship did not constitute a common law marriage;"

From a reading of all the evidence, and assuming it to be true, and considering the legitimate inferences which arise therefrom, it is shown that a deed was

made to appellant and appellee as husband and wife when they were not in fact such.

Appellee, to uphold the action of the trial court in sustaining the motion to find for her, claims that appellant pleads a legal title in his complaint; there was no evidence to support such a title; that appellant's evidence showed an equitable title, if any; that this was more than a mere variance and amounted to a failure of proof. We cannot agree with appellee. The evidence establishes the appellant's case as laid. The deed to appellant and appellee vested title in them as tenants in common, and, under the evidence submitted by appellant, each owns an undivided one-half interest in the real estate involved. *Singleton* v. *Cushman* (1947), 117 Ind. App. 183, 70 N. E. 2d 642.

It follows that the court erred in sustaining appellee's motion and making a finding for appellee.

Judgment reversed, with instruction to sustain appellant's motion for a new trial.

NOTE.—Reported in 96 N. E. 2d 346.