WATSON *v.* BAGALOFF ET AL. ETC.

[No. 18,694.   Filed June 26, 1956.   Rehearing denied November 15, 1956.]

*Sevald & Sevald,* of Hammond, for appellant.

*Joseph L. Skozen,* and *James J. Richards,* of Hammond, for appellees.

BOWEN, J.—The appellant filed an action against the County Treasurer and County Auditor of Lake County, Indiana, and one Numo T. Bagaloff, the purchaser of certain real estate at a delinquent tax sale, for a restraining order and permanent injunction against the payment by such officers and the collection by such purchaser of certain funds which were paid by such appellant for the redemption of certain real estate in which appellant held an equitable interest as a purchaser under a real estate contract which required the payment of taxes by appellant as one of the conditions thereof. To appellant's complaint the appellee filed an answer and denial under the rules, alleging the monies were still in the hands of the Treasurer and/or Auditor of Lake County, Indiana, that the tax sale was legal, and denying other allegations of appellant's complaint. The issue tendered by the complaint and answer presented the sole legal question whether on redemption from a tax sale appellee purchaser was entitled to receive the amount of 25% penalty on the full purchase price which penalty in the instant case amounts to $500.00, or whether such purchaser was entitled to receive back only the amount paid by him, with penalties, interest, and costs based upon the total tax due.

Upon the filing of appellant's verified complaint, the Lake Superior Court granted a temporary restraining order as prayed without notice, and later by agreement of parties and respective counsel the restraining order issued as to the Treasurer and Auditor was agreed to be

allowed to stand until further order of the court, and the restraining order as to Bagaloff was permitted to lapse, no further action having been taken as to him. The parties requested that the court make and render further Findings of Facts and Conclusions of Law thereon, and the cause was submitted to the court for trial. At the close of appellant's evidence, all appellees moved for a finding in their favor. The court thereafter sustained appellees' motion for a finding in their favor, and filed Special Findings and Conclusions of Law thereon to which appellant filed objections and exceptions, and the court rendered judgment on the motion of appellees at the close of appellant's evidence that appellant take nothing by her complaint. The appellant filed her motion for a new trial on the grounds that the court erred in sustaining the motion of all defendants to find in their favor at the conclusion of plaintiff's evidence, and that the court erred in overruling appellant's objections to the court's Special Findings of Fact and that the court erred in its separate Conclusions of Law. The court overruled appellant's motion for a new trial and this appeal followed. Error assigned for reversal is that the court erred in overruling appellant's motion for a new trial, and in its Findings of Fact and Conclusions of Law.

An examination of the record discloses that in the main the facts are undisputed. It is undisputed that this was the first offering of this property for sale for delinquent taxes, and that it was sold by the Treasurer of Lake County, Indiana, pursuant to Sec. 64-2203, Burns' 1951 Replacement, by reason of delinquent taxes with penalties thereon against such real estate in the total amount of $412.43. Appellee Bagaloff was the purchaser at such sale on his bid of $2000.00 on April 14, 1952. On April 3, 1954, appellant redeemed from such sale and was required to pay the Treasurer

the sum of $2500.00 covering the amount of such purchaser's bid of $2000.00 which he had paid, and an additional penalty thereon of 25% of the amount of such $2000.00 bid, to-wit: $500.00. Upon the payment of such $2500.00 by the appellant to such Treasurer, the Auditor prepared and issued a Quietus to the appellant together with a refund check for $1587.57, leaving the difference of $912.43 in the hands of the Treasurer and Auditor of Lake County, Indiana. The amount necessary to satisfy the delinquent taxes and all penalties and charges assessed against such real estate was $412.43.

The controversy in the instant case by reason of the appellant's complaint and the answers thereto, and the evidence in the record, and the appellant's assignment of error herein, relates solely as to the question whether Bagaloff, the purchaser at the tax sale is entitled to receive the sum of $500.00 representing a 25% penalty on the total amount of his bid and purchase price paid, or whether a person redeeming from a delinquent tax sale must pay the statutory penalties based upon the full purchase price, or only the actual amount which is necessary to pay the taxes, penalties, interests and costs based upon the amount of delinquent taxes due.

In determining the question presented in this appeal it becomes necessary for us to consider the statutes of this state dealing with taxation in the light of the extent and limit of the constitutional power of governmental units to levy and collect taxes and penalties.

Sec. 64-2301, Burns' 1951 Replacement, providing for the redemption of real estate from tax sales, provides in part as follows:

"The owner or occupant of any land sold for taxes, or any persons having an interest therein, may redeem the same at any time during the two (2) years next ensuing, in the following manner:
. . .

"If redeemed within six (6) months from the day of sale, he shall pay to the county treasurer, for the use of the purchaser, his heirs or assigns, the full sum of the purchase money named in his certificate and all of the costs of sale together with ten (10) per cent in addition; . . . ; if redeemed after one (1) year and within two (2) years, he shall pay in like manner, the purchase money together with costs and twenty-five (25%) per cent in addition and he shall also pay all taxes which have been paid thereon, with interest at the rate of six (6) per cent per annum on such taxes."

Considering this portion of this statute by itself, it would appear to be plain and controlling as to the question presented, and from the briefs it appears that the appellee considers this portion of such statute together with the further provision contained in Sec. 64-2203, Burns' 1951 Replacement, "said real estate shall be sold by the County Treasurer at public sale as now provided by law for the sale of real estate for delinquent taxes including penalties thereon", and the decision in *Ralston, Auditor, et al.* v. *State* (1941), 218 Ind. 591, 34 N. E. 2d 930, and the provisions of Sec. 64-2208, Burns' 1951 Replacement, as follows: "Where such sale is made, the purchaser at such sale shall immediately pay the amount of his bid to the Treasurer, who shall pay the surplus, if any, to the person entitled thereto", and the Attorney General's Opinion 1945, p. 132, is clearly sufficient to support the decision of the lower court in sustaining appellees' motion for judgment in their favor at the conclusion of appellant's evidence. However, an examination of the briefs and the record in this case discloses that the answers to the questions posed are not that easily disposed of when we consider the various statutes and decisions together relating to taxation.

Sec. 64-2203, Burns' 1951 Replacement, provides "such real estate shall be sold for the *purpose* (our

emphasis) of collecting all taxes in lien against such real estate. Furthermore, such section provides for three separate classes of tax sales: (a) sale of real estate with installments of taxes delinquent for fifteen months or more, and not previously offered for sale; (b) sale of real estate which has been advertised and offered for sale for any two years or more and remaining unsold, and (c) sale of real estate upon which taxes have been unpaid and delinquent for five years or more at the time of the passage of the act.

The case at bar presents the situation of a sale under class (a) alone, and it is only with reference to class (c) sales that the legislature has expressly provided that the real estate shall be sold to the "highest bidder".

The appellees insist that there should be no recovery in the instant case because Sec. 64-2203 and Sec. 64-2208, *supra* and the Attorney General's Opinion 1945, p. 132 seem to indicate that the land must be sold to the highest bidder. The Attorney General's opinion seems to ground such observation on the requirement contained in Sec. 64-2208, supra that "Where such sale is made, the purchaser at such sale shall immediately pay the amount of his bid to the treasurer, who shall pay the *surplus* (our emphasis) if any, to the person entitled thereto", as indicating a legislative intention that the treasurer might accept a bid which was more than sufficient to pay the taxes with interest, penalties and costs.

However, the statutes and the limitations upon a treasurer's power under the law preclude the real estate of a delinquent taxpayer from being sold for more than the lawful taxes, interests, penalties and costs. In the *City of Logansport* v. *Humphrey* (1882), 84 Ind. 467, the court stated:

"Treasurer as well as municipality have only such powers as are conferred upon them by statute.

When the statutes by which the sale of property is authorized does not in terms confer the power, the power should not be deemed to arise by implication to make the sale under other rules than those recognized by the statute. The power to make a tax sale, when conferred upon a municipal corporation, like other powers when the mode of exercise is prescribed, can be exercised only in the mode prescribed by statute, and the liabilities and rights of the parties must be such as the law enforces, neither to be enlarged nor restricted. The presumption is that every power that has been withheld is not expressed and therefore, all reasonable doubts as to the existence of a power in a municipality, must be rendered against it." (See also: *Tucker, Sec. of State* v. *State, supra.*)

The only authority granted in Sec. 64-2203, *supra,* is to sell such real estate for the purpose of collecting all taxes in lien against such real estate. That the legislature may provide a reasonable penalty, based upon the amount of delinquent taxes in the event of redemption cannot be doubted.

However, construing the various statutes together any attempt to hold that the penalty may be measured upon the basis of the purchaser's bid which could be far in excess of the amount of the legal taxes, penalties, interests and costs, and could even be far in excess of the value of the property would be contrary to the powers granted by the statutes to county treasurers and in conflict with Art. 1, Secs. 8 and 9, cl. 4 of the U. S. Constitution, and Article 10, Sec. 1 of the Constitution of Indiana, all of which provide for uniformity of taxation, and would render delinquent taxpayers subject to arbitrary, discriminatory, and what in any case could amount to confiscatory taxation, and would make possible the acquisition of all property of delinquent taxpayers if a purchaser chose to make a bid at a tax sale high enough so that the taxpayer could in no event redeem the same by reason of a penalty which

could bear no relation to the amount of the lawful delinquent tax charges, penalties, interests and costs which he owed to the government.

Our courts in discussing the power of the government to levy taxes stated in *O'Brien* v. *Coulter* (1837), 2 Blkfd. 421, "that whenever any authority is given to any person or officers of law, whereby the estates or interests of other persons may be forfeited, such authority must be strictly pursued in every instance; that in the sale of land for taxes every substantial requisite of the law must be complied with". In that case, a sale for taxes, small in amount, where a part of the property conveniently and reasonably could have been detailed and sold separately, was held invalid. Also, in *Green* v. *McGrew,* 35 Ind. App. 104, 72 N. E. 1049, which was an action to quiet title based on a tax sale and tax deed, where an erroneous penalty of six cents (6¢) was added, the court said:

> "It has sometimes been held that in tax sales the maxim, *de minimis non curat lex,* is not applicable, and there is much reason for such a rule, for there is no satisfactory standard for determining what, in such case, should be regarded as a very small sum; and the taxpayer should be strictly protected from all exactions, however small, in excess of what the government, by due, legal processes, has imposed upon him as *his share of the public burden.*
>
> . . .
>
> "If such administrative exaction were upheld as against one delinquent landowner, it would be allowable as against all other such landowners in the taxing district; and thereby a large amount, in the aggregate, might be imposed and taken without authority of law."

If, in the instant case, we construe the statutes together, it is possible to give effect to the legislative intent referred to in the Attorney General's opinion, and that the Treasurer might receive more than the amount

of the delinquent taxes, interest, penalties and costs, under the statute authorizing him to "pay the surplus, if any, to the person entitled thereto", giving a bidder an opportunity to pay more than the amount of the lawful charges of the government against the delinquent taxpayer in the hope of receiving the high rate of 25% on the legally assessed delinquent taxes, interests, penalties and costs. Any other interpretation and result is wholly inconsistent with our constitutional system of fair, equal and uniform taxation.

Even if we were to accept the appellees' and the lower court's view as to these statutes, the record herein presents a situation which is lacking in the element of proof necessary to sustain such contention. In Finding No. 5 the lower court asserts that the bid of appellee Bagaloff "was the highest bid received for said property". Such finding is wholly unsupported by any evidence in this cause, and under the status of the record where the appellees moved for a finding in their favor at the close of the appellant's evidence the court could not have properly drawn such inference against the appellant.

Appellees' motion for a finding in their favor at the conclusion of appellant's evidence was equivalent to a demurrer to the evidence. *Abernathy* v. *McCoy* (1930), 91 Ind. App. 574, 60 N. E. 364; *Bilskie* v. *Bilskie* (1918), 69 Ind. App. 595, 122 N. E. 436.

The trial court was therefore bound to accept as true all of the facts which the evidence tended to prove in support of appellant's claim together with all reasonable inferences to be drawn therefrom in favor of appellant and the trial court could only consider the evidence and agreed statements of facts as shown in the record construed most favorable to the appellant, and anything going beyond the same in the

court's findings of fact and conclusions of law was *coram non judice. Abernathy* v. *McCoy, supra; Lake Shore, etc. R. Co.* v. *Foster* (1892), 104 Ind. 293; 4 N. E. 20; *Campbell* v. *Githens* (1932), 94 Ind. App. 681; 182 N. E. 100.

Such a sale where it does not appear to have been made to the highest bidder would be invalid under the decision of *Ralston, County Auditor, et al.* v. *State* (1941), 218 Ind. 591, 34 N. E. 2d 930.

For the reasons given herein the lower court erred in overruling appellant's motion for a new trial.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

Crumpacker, P. J., and Royse, J., dissent.

NOTE.—Reported in 135 N. E. 2d 736.