**Frank K. BAKER, Defendant-Appellant,**

v.

**Zona F. CHAMBERS (Baker), Plaintiff-Appellee.**

**No. 1–579–A–145.**

Court of Appeals of Indiana, First District.

Jan. 16, 1980.

Rehearing Denied Feb. 21, 1980.

---

Thomas M. Barr, R. Victor Stivers & Associates, Indianapolis, for defendant-appellant.

Robert J. Bremer, Calbert & Bremer, Greencastle, for plaintiff-appellee.

ROBERTSON, Judge.

This is an appeal from the granting of a summary judgment motion in favor of plaintiff-appellee Zona F. Chambers (Chambers) in her real estate partition suit. We reverse.

The facts are that Frank K. Baker (Baker) and Chambers began cohabiting as husband and wife in 1964 without the formality of a marriage license.[1] On April 1, 1972, real estate was conveyed to "Frank K. Baker and Zona F. Baker, husband and wife." On May 11, 1974, a second tract was purchased and conveyed to the same two by the same designation. On October 17, 1977, a third piece of real estate was conveyed to the two, again as husband and wife. On March 16, 1978, Zona F. Chambers filed a complaint for partition of the real estate. Chambers moved for summary judgment, relying on the titles as giving her the right to partition and a one-half share thereof. The trial court granted the motion, found the land indivisible and appointed a commissioner to sell the land and split the proceeds equally between Chambers and Baker.

Baker had raised, by way of affidavit and testimony in court, opposition to summary judgment, claiming a factual controversy as to what share of the proceeds, if any, Chambers was entitled to receive. He stated in his affidavit that Chambers contributed nothing towards the purchase price, that the bank required the nomenclature in the title and that he contemplated no gift of one-half interest to Chambers.[2]

When reviewing the grant of summary judgment, the appellate court must determine whether there is any genuine issue of material fact and whether the law was correctly applied. *Matter of Big Raccoon Conservancy District v. Kessler Farms Corp.,* (1977) Ind.App., 363 N.E.2d 1004; *Hale v. Peabody Coal Co.,* (1976) Ind.App., 343 N.E.2d 316; Ind.Rules of Procedure, Trial Rule 56. The burden is upon the movant to establish that no material facts are in genuine issue and any doubt must be resolved against the movant. *Hale, supra* at 320. "In short, summary judgment is not a procedure for trying facts and determining the preponderance of the evidence. Rather, it is a procedure for applying the law to the facts when no factual controversy exists." *Central Realty, Inc. v. Hillman's Equipment, Inc.,* (1969) 253 Ind. 48, 57, 246 N.E.2d 383, 389.

The well-established rule, although not explicitly found in Indiana, is that when two or more persons take as tenants in common under an instrument which is silent in regard to their respective shares, there is a presumption that their shares are equal. 4 *G. W. Thompson, Commentaries on the Modern Law of Real Property* § 1797, (repl. 1979); 2 *American Law of Property* § 6.5 (A. J. Casner ed. 1952); Annot., 156 A.L.R. 515 (1945). This, however, is generally considered a rebuttable presumption, and extrinsic evidence such as contribution, can be shown to refute it. *Id.*

We find only two Indiana cases that are helpful on this issue. In *Singleton v. Cushman,* (1947) 117 Ind.App. 183, 70 N.E.2d 642, the parties took real estate as husband and wife when in fact they were neither wed legally nor by common law. The court stated they took as tenants in common, each

---

1. Common law marriage was abolished in 1957. *Ind.Code* 31-1-6-1.

2. In his answer, Baker did state that he intended to convey a contingent interest to Chambers, vesting if he died before their son reached majority. Chambers contends this is an admission of an irrevocable gift. At best, a factual controversy is raised.

owning an undivided one-half of the real estate. The court, however, cited no authority for the equal split. In *Spanier v. Spanier,* (1951) 120 Ind.App. 700, 96 N.E.2d 346, a deed was made to the parties as husband and wife when in fact they were not. Citing the *Singleton* case, the court stated, "The deed to appellant and appellee vested title in them as tenants in common, and, *under the evidence submitted by appellant,* each owns an undivided one-half of the real estate involved." 96 N.E.2d at 348.

It is unclear whether Indiana provides for a rebuttable or an irrebuttable presumption. We opine that there is an important distinction between an action involving the original parties to the deed, and subsequent purchasers, creditors, or lienholders. Where the parties involved are the original grantees, the presumption as to equality of shares shall be rebuttable. Where, however, the parties involved are those other than the original grantees, and there is no indication as to their respective shares, then the presumption shall be conclusive that the shares are equal. This will allow subsequent parties to rely on the record, while permitting the original parties to the deed to submit evidence as to intent, contribution, etc. *See generally* 156 A.L.R. 515; *Stover v. Stover,* (1897) 180 Pa. 425, 36 A. 921; *In re Gamble,* (Dist.Ct., W.D.Pa., 1926) 14 F.2d 847; *In re Estate of Engel,* (1964) 413 Pa. 475, 198 A.2d 505.

In this case, Baker alleges that he paid entirely for the properties and that he intended a revokable gift, if one at all. This presents a factual controversy which must be resolved at full trial. The trial court erred in resolving the issue by way of summary judgment.

We also note the court did not follow the statutory guidelines on the method of partition. *See Ind.Code* 32–4–5.

We therefore reverse and remand for further proceedings not inconsistent with this opinion.

NEAL and RATLIFF, JJ., concur.