**Donald WILKERSON, Plaintiff-Appellant,**

v.

**The AUDITOR OF BROWN COUNTY (Beverly A. Kelp, Auditor), The Treasurer of Brown County (Juanita Bainter, Treasurer), and Edgar and Velma E.R. Osterland, Husband and Wife, Defendants-Appellees.**

**No. 1–883A263.**

Court of Appeals of Indiana, First District.

June 19, 1984.

---

Jack Rogers, Rogers & Gesse, Franklin, for plaintiff-appellant.

David T. Woods, Nashville, for defendants-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Wilkerson appeals from a judgment of the Johnson Circuit Court denying his claim for additional proceeds upon the redemption of real property he had previously purchased in a tax sale.

We reverse and remand.

## FACTS

On August 13, 1979, Wilkerson purchased a 25 acre tract of land in Brown County at a tax sale conducted by the auditor. Wilkerson paid $3,400 for the land, which consisted of $228.81 for the taxes, penalties, interest and costs due, and $3,171.19 in surplus, and received a tax sale certificate. However, on August 14, 1980, Wilkerson was informed by the Brown County Auditor that the property had been redeemed by the previous owners. Enclosed with the auditor's letter was a check in the amount of $3,457.20, representing

the $3,171.19 surplus as well as 125% of the $228.81 previously paid by Wilkerson which the auditor claimed was owed him pursuant to Indiana Code section 6–1.1–25–2. Wilkerson cashed the check, but then on August 26, 1981, informed the auditor that the amount of $3,457.20 was insufficient under the statute and forwarded a check to the auditor for that amount.[1] According to Wilkerson, the statute allowed him to receive 125% of the entire purchase price of $3,400 for a total of $4,250. The trial court disagreed and held that the redeeming party need only pay 125% of the taxes, interest, penalties and costs, and not of the entire purchase price. Accordingly, the trial court denied Wilkerson's claim and refused to grant him a tax deed to the property.

Wilkerson now appeals.

## ISSUE

Combined and restated, the issue presented for review is whether the trial court misinterpreted Indiana Code section 6–1.1–25–2 by finding the phrase "purchase price" refers only to taxes, interest, penalties, and costs, and not to the entire price paid for the property.

## DISCUSSION AND DECISION

Central to the trial court's decision was our holding in *Watson v. Bagaloff,* (1956) 127 Ind.App. 99, 135 N.E.2d 736. There we were called upon to interpret section 64–2301, Burns' 1951 Replacement. It provided:

> "The owner or occupant of any land sold for taxes, or any other persons having an interest therein, may redeem the same at any time during the two [2] years next ensuing, in the following manner: If redeemed within six [6] months from day of sale, he shall pay to the county treasurer, for the use of the purchaser, his heirs or assigns, the full sum of the purchase-money named in his cer-

---

1. Interestingly, none of the parties address themselves to the fact that Wilkerson cashed the auditor's check and then waited more than a year before registering his protest. Therefore, we need not address ourselves to this issue.

tificate, and all the costs of sale, together with ten [10] per cent in addition; if redeemed after six [6] months and within one [1] year, he shall pay, in like manner, the purchase-money, together with costs and fifteen [15] per cent in addition; *if redeemed after one [1] year and within two [2] years, he shall pay,* in like manner, *the purchase-money, together with costs and twenty-five [25] per cent in addition,* and he shall also pay all taxes which have been paid thereon, with interest at the rate of six [6] per cent per annum on such taxes, and, in case the party purchasing the land, or his assigns, fails to take a tax deed for the lands so purchased within six [6] months after the expiration of the two [2] years, no interest shall be charged or collected from the redemptioner after that time. · [Acts 1919, ch. 59, § 270, p. 198.]"

*Id.* (emphasis supplied). The precise question presented in *Watson* concerned what portion of the purchase price was subject to the penalty provision. We held that:

"[C]onstruing the various statutes together any attempt to hold that the penalty may be measured upon the basis of the purchaser's bid which could be far in excess of the amount of the legal taxes, penalties, interests and costs, and could even be far in excess of the value of the property would be contrary to the powers granted by the statutes to county treasurers and in conflict with Art. 1, Secs. 8 and 9, cl. 4 of the U.S. Constitution, and Article 10, Sec. 1 of the Constitution of Indiana, all of which provide for uniformity of taxation, and would render delinquent taxpayers subject to arbitrary, discriminatory, and what in any case could amount to confiscatory taxation, and would make possible the acquisition of all property of delinquent taxpayers if a purchaser chose to make a bid at a tax sale high enough so that the taxpayer could in no event redeem the same by reason of a penalty which could bear no relation to the amount of the lawful delinquent tax charges, penalties,

interests and costs which he owed to the government." [2]

*Id.* at 106–07, 135 N.E.2d at 739. Thus we concluded that under § 64–2301, the penalty applied only to the "actual amount which is necessary to pay the taxes, penalties, interests and costs based upon the amount of delinquent taxes due." *Watson,* 127 Ind.App. at 103, 135 N.E.2d at 737–38.

In the instant case the trial court was guided not by the older provision passed upon in *Watson,* but rather, by the present statute, Ind.Code § 6–1.1–25–2, which provides:

"(a) The total amount of money required for the redemption of real property equals the sum of the amounts prescribed in subsections (b) and (c) of this section.

(b) The total amount required for redemption includes:

(1) One hundred ten percent [110%] of the purchase price stated in the certificate of sale if the property is redeemed not more than six [6] months after the date of sale;

(2) One hundred fifteen percent [115%] of the purchase price stated in the certificate of sale if the property is redeemed more than six [6] months but not more than one year after the date of sale; or

(3) One hundred twenty-five percent [125%] *of the purchase price stated in the certificate of sale* if the property is redeemed more than one year after the date of sale.

(c) In addition to the amount required under subsection (b) of this section, the total amount required for redemption includes all taxes and special assessments upon the property paid by the purchaser subsequent to the sale plus six percent [6%] interest on those taxes and special assessments. [IC 6–1.1–25–2, as added by Acts 1975, P.L. 47, § 1.]"

*Id.* (emphasis supplied). In light of the present statute and our holding in *Watson,* the trial court concluded the redeeming

---

**2.** In the present case there has been no challenge to the constitutionality of Ind.Code § 6–1.- 1–25–2 and thus we need not make such a determination.

party was required to pay the penalty only upon the taxes, penalties, interest and costs, and not upon the entire purchase price. Thus, it upheld the auditor's position that Wilkerson was entitled to only $3,457.20. We agree with the lower court insofar as the previous statute and the holding in *Watson* demand such a result, but find that under the present redemption statute a different result is required.

While the statute interpreted in *Watson* distinguished between the "purchase-money" and "costs", and provided for a penalty on the latter, no such distinction is now made. Rather, Ind.Code § 6–1.1–25–2 is clear and unambiguous, applying the penalty provision to the "purchase price stated in the certificate of sale". No effort is made, as in the prior statute, to differentiate between the purchase price and costs. Thus, we conclude the penalty prescribed in the present statute applies to the entire amount of the purchase price as stated in the certificate of sale.[3]

In the present case the purchase price stated in Wilkerson's certificate of sale was $3,400. Record at 10. Hence, the redeeming party was obliged to pay Wilkerson 125% of that amount, or $4,250. We therefore reverse the trial court and remand this cause for further proceedings not inconsistent with this opinion.

Reversed and remanded.

NEAL, P.J., and ROBERTSON, J., concur.

---

**3.** Our decision is further bolstered by the presumption that when the legislature changed the language of the redemption statute subsequent to the holding in *Watson* it was in response to that decision and was intended to produce a different result. *See e.g., Jones v. State,* (1983) Ind.App., 457 N.E.2d 231, 234; *Matter of the Estate of Waltz,* (1980) Ind.App., 408 N.E.2d 558, 561.