JAY CLUTTER CUSTOM DIGGING, Appellant (Plaintiff Below),

v.

Dee ENGLISH, Appellee (Defendant Below).

No. 3–1178A291.

Court of Appeals of Indiana, Third District.

Aug. 20, 1979.

James R. Heuer, Gates & Gates, Columbia City, for appellant.

Stanley E. Pequignot, Rockhill, Kennedy, Pinnick, Sand, Bent & Pequignot, Warsaw, for appellee.

HOFFMAN, Judge.

This is an appeal from an action in which plaintiff-appellant Jay Clutter Custom Digging filed suit against defendant-appellee Dee English alleging an unpaid account for certain grading work he performed. Thereafter, appellee filed a counterclaim for damages based upon appellant's failure to complete the job within a reasonable time. The judgment rendered reads in pertinent part as follows:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the defendant have judgment against plaintiff in the amount of Two Thousand Three Hundred and Fourteen Dollars ($2,314.00) upon defendant's counterclaim herein.

"IT IS, FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the plaintiff have judgment against the defendant in the amount of Two Hundred and Fifty Dollars ($250.00) on plaintiff's complaint to be set off against

defendant's judgment herein leaving a final judgment for defendant in the amount of Two Thousand Sixty Four Dollars ($2,064.00)."

This appeal poses six issues for review:

(1) whether appellant's delay in completing the work was unreasonable;

(2) whether all damages awarded were too speculative because the trial court failed in its findings of fact to specify the exact date on which appellant's delay became unreasonable;

(3) whether damages for loss of a corn crop were too speculative:

(4) whether an award of $500 to employ an engineer was contrary to law;

(5) whether there was sufficient evidence to support an award of damages for wages; and

(6) whether the finding relating to lost apartment rental income is inconsistent and contrary to the evidence.

Appellant maintains there was insufficient evidence upon which to predicate a finding that his delay in attempting to complete the road grading work was unreasonable. The finding which appellant assails reads as follows:

"That under all of the circumstances herein the plaintiff's delay from March 17 to June 1, 1977 was unreasonably long and was the direct and proximate cause of the defendant's direct and consequential damages suffered herein."

■■ Two recognized principles of contract law offer guidance in resolving this issue. First, where no time for performance is specified in the contract the law will imply that it must be performed within a reasonable time. *Marion Trucking, Inc. v. Harwood Trucking, Inc.* (1954), 125 Ind. App. 1, 116 N.E.2d 636. Moreover, what constitutes a reasonable time within which an act is to be performed depends on the subject matter of the contract, the situation of the parties and the circumstances attending the performance. *Albright v. Hughes* (1940), 107 Ind.App. 651, 26 N.E.2d 576. Applying these principles to the case at bar, it must be concluded the trial court was correct in finding that a reasonable time had expired under the existing circumstances.

Adopting the evidence most favorable to the judgment, it appears that in early March of 1977 the parties entered into an oral agreement whereby appellant promised to perform certain grading work on a roadbed located on appellee's land. The agreement was silent on the amount to be charged and the time in which the work was to be completed. Since appellant's other work commitments had created a backlog, it was agreed that he would grade the roadway as soon as time would allow. Nevertheless, appellee impressed upon appellant the urgency of the grading insofar as he was constructing apartments with a tentative occupancy date set for May 1977. Until the road was finished the apartments could not be rented because when it rained the roadway became impassable.

Appellant arrived at the job site on March 16th and worked for three hours grading the roadbed. He spent seven hours on the project the following day. Due to rain on the evening of the 17th, it was impracticable to continue the grading since the yellow clay subsoil tended to retain rather than absorb water. It was then agreed that appellee would notify appellant when the ground had dried sufficiently to permit resumption of the work.

Appellee personally contacted appellant on three separate occasions during April and May to advise him that the ground was dry. In each instance appellant assured appellee that he would return within a few days. Relying on these representations, appellee reset grade stakes three different times. However, appellant failed to return as promised. Moreover, he did not notify appellee that he would be unable to return. Appellant returned on June 1st but appellee had hired another contractor to perform stopgap measures in order to make the road passable.

■ While some delay in continuing the work was understandable in view of the weather, the soil conditions and appellant's

work backlog, the 2½ month delay was inexcusable particularly where appellant, fully aware of appellee's immediate need for the grading, promised on three occasions to resume work within a matter of days but never returned as promised or notified appellee of his inability to continue.

Appellant then claims that all damages awarded for the delay were too speculative, adverting to the trial court's omission in its finding of facts as to the exact date on which the delay became unreasonable. The response to this contention is controlled by Ind. Rules of Procedure, Trial Rule 52(D) which provides in part:

"The court may make special findings of fact upon less than all the issues in a case when

(1) special findings of fact are made but are not required under this rule; or

(2) findings are required because of the request of a party or parties who have demanded findings only upon such specified issues."

Thus, complete findings are not mandatory unless required by some other provision of TR. 52. The only pertinent provision of TR. 52 requiring the facts to be specially found other than certain classes of cases not applicable here is upon "the written request of any party filed with the court prior to the admission of evidence . . . ." TR. 52(A). The record in the present case contains no such written request for special findings of fact and no claim is made that a request was made in writing prior to the admission of evidence. Consequently, the trial court was not required to make complete special findings of fact.

Next, appellant urges that the assessment of damages for the loss of appellee's corn crop was too speculative. The trial court found:

"That as a direct and proximate result of the plaintiff's delay in completing the roadway grading work, the defendant was forced to postpone planting his corn crop and thereafter to forego the planting of five (5) acres for the reason that the engineer's grade stakes in and around the five (5) acre area were covered with grass grown during the delay and it would be unreasonable to run a tractor in the affected area.

"Defendant's damage as a result of the lost five (5) acres was in the amount of Nine Hundred Fifty Dollars ($950.00)."

While no particular degree of mathematical certainty is required to warrant a recovery for damages, the award must be susceptible of ascertainment in some manner other than by mere conjecture, speculation or surmise. *Friendship Farms Camps, Inc. v. Parson* (1977), Ind.App., 359 N.E.2d 280; *Lawrence v. Cain* (1969), 144 Ind.App. 210, 245 N.E.2d 663. Appellee's testimony established that he used five acres of land in the roadway area for planting corn pursuant to a sharecropping agreement under which he would receive 50% of the proceeds. He estimated that the average yield for corn would be 200 bushels per acre. He also offered testimony that the going price of his corn the year before was $1.90 per bushel. Based on this evidence, the trial court concluded that appellee sustained $950 in damages for the loss of his share of the corn crop.

It is evident that the trial court determined appellee's loss on the basis of gross income. This was an improper measure upon which to award damages. The correct measure of damages for the anticipated loss of crops which appellee was prevented from planting is the reasonable rental value of the land for the season. *Western Indiana Gravel Co. v. Opp* (1951), 121 Ind.App. 673, 99 N.E.2d 265. In fixing such rental value, it is proper to consider the probable yield under ordinary conditions, the prevailing price when matured and cultivated and the estimated expense of producing, harvesting and marketing. *Sullivan v. Winer* (1957), Mo.App., 307 S.W.2d 704; *United Verde Copper Co. v. Ralston* (9th Cir., 1931), 46 F.2d 1.

Obviously, the court failed to consider all the relevant factors in ascertaining the fair rental value of the land since the only evidence in the record pertaining to its value

was gross income. Accordingly, this award must be disallowed insofar as it rests on speculation. See, *Garrett v. Haworth* (1938), 183 Okl. 569, 83 P.2d 822 where plaintiff's testimony that he could have netted $10 per acre for his crop was held insufficient to establish the rental value of his land.

Appellant also asserts that the trial court erred in awarding $500 for appellee's expenses in having to employ an engineer to reset grade stakes. He insists there was no evidence that appellee actually employed an engineer or that replacing the stakes was caused by appellant's delay. It is evident from the following testimony that the trial court considered this expense as an element of future damages.

"Q. Did you contact your engineer to inquire as to how much it's going to cost you to put in the grade stakes again?

"A. Mmmhum (yes).

"Q. How much?

"A. $500.00.

"Q. And that will be necessary to be done now this spring?

"A. Yes."

■ Where a party claims compensation for consequences of an injury which he has not yet experienced, he must prove that such consequences are reasonably certain to accrue. 9 I.L.E. *Damages* § 25 (1971). Appellee's testimony clearly provided the requisite degree of certainty.

Furthermore, there was sufficient evidence that this injury was caused by appellant's delay. Appellee testified that because of the delay the elevation marks of the grade stakes had faded. Hence, it was necessary to hire an engineer to replace them.

■ Appellant also contends there was insufficient evidence to substantiate the assessment of damages for the wages of appellee and his employees. The pertinent finding reads as follows:

"Further damage to the defendant in the amount of Two Hundred and Four Dollars ($204.00) is directly attributable to

plaintiff's failure to appear for grading within time periods promised resulting in the resetting of grade stakes by the defendant and his employees on three (3) separate occasions."

Appellant argues it was improper to award these damages since he did not request appellee to reset the stakes in the center of the road. Appellee's testimony, however, indicated that appellant instructed him to set the stakes in the middle of the road and that this was standard procedure for road grading. Since the evidence conflicted on this matter, it was within the purview of the trial court to weigh the testimony and find for appellee. There was no error in his judgment. See, *W. H. Nichols & Co., Inc. v. Day et al.* (1961), 132 Ind.App. 156, 175 N.E.2d 893 (right to compensation upheld on conflicting evidence relating to instructions on restaking).

Lastly, appellant submits that the finding relating to lost apartment rental income is inconsistent and contrary to the evidence because the court awarded a full month's rent on each of the four apartments even though it found they were not ready for occupancy until May 17, 1977. The pertinent finding reads as follows:

"That the testimony as to readiness for occupancy is conflicting and considering defendant's burden on his counterclaim and the testimony of witness Paul Mishler, the Court does not find that the apartments were ready for occupancy on May 17, 1977, 13 days earlier than defendant's contention, and that the defendant is thereby entitled to loss rental income only in the amount of Six Hundred and Sixty Dollars ($660.00)."

Appellee testified that four apartments were ready for occupancy around the first week of May at a rate of $165 per month on each apartment. Thus, his loss was $660. One of the appellee's employees, Rob Mishler, testified that the apartments were not ready until May 17th and the trial court accepted his testimony as true.

■ A fundamental rule of damages applicable to breach of contract cases is

that the party injured by the breach is limited in recovery to the loss actually suffered; he is not entitled to be placed in a better position than he would have been if the contract had not been broken. *Irving et al. v. Ort et al.* (1957), 128 Ind.App. 225, 146 N.E.2d 107. Furthermore, the proper measure of damages because of the deprivation of the use of property is its fair rental value during the time that the injury existed. *Oceana Oil Producers v. Portland Silo Co.* (1951), 229 Ind. 656, 100 N.E.2d 895. Since the trial court found that appellee could not rent the apartments until May 17th, appellees's loss of rental income must be limited to the period from May 17th to June 1st. Therefore, this portion of the judgment must be remanded to the trial court.

Affirmed in part, reversed in part and remanded in part with instructions to proceed in a manner consistent with this opinion.

GARRARD, P. J., and STATON, J., concur.