Judith M. WILLETT, Appellant
(Plaintiff Below),

v.

Betty J. CLARK, Appellee
(Defendant Below).

No. 82A01–8808–CV–273.

Court of Appeals of Indiana,
First District.

Aug. 28, 1989.

---

Glenn A. Grampp, Evansville, for appellant.

Edward W. Johnson, Johnson, Carroll and Griffith, Evansville, for appellee.

ROBERTSON, Judge.

Appellant-plaintiff Judith Willett (Willett) appeals the trial court's judgment of partition in which he divided the jointly-owned property of Willett and appellee-defendant Betty Clark.

We reverse.

Willett and Clark began living together in September, 1982 at 1713 VanBibber in Evansville, in the home Clark owned before the relationship began. On October 12, 1983, Clark conveyed the home by warranty deed to Clark and Willett, as tenants in common. During the course of the relationship, the parties were employed and each contributed to the living expenses and to the acquisition of various real and personal property. When the parties ended their relationship and Willett moved out of the VanBibber residence in 1987, Willett filed a suit, claiming one-half interest in all the jointly-owned property, and seeking partition of it.

Clark filed her answer and counterclaim, alleging that the warranty deed on the VanBibber residence should be set aside because Willett had exerted undue influence over Clark resulting in Clark's conveying the property jointly to Clark and Willett. Clark asked for a judgment for the amount of the rental value of VanBibber over the time Willett occupied it less the value of improvements which Willett had made to the residence. Clark joined Willett

in asking the court to partition the remaining jointly-owned property of the parties.

After trial was held, and at the request of Clark, the trial court issued findings of fact and conclusions of law:

## FINDINGS OF FACTS

1. The parties hereto began a homosexual relationship in 1981, commenced living together in September, 1982, separated and ceased living together in June, 1987.

2. That CLARK purchased the real estate commonly known and described as 1713 VanBibber, Evansville, Vanderburgh County, Indiana, January 19, 1973. That CLARK by warranty deed dated October 12, 1983, conveyed said real estate to CLARK and WILLETT as tenants in common.

3. That the parties commingled their monies and consumed all income, profits derived from sale of real estate, and savings accounts. That said funds were used to pay and satisfy the general living expenses and obligations of the parties. The contribution of each party was virtually equal.

4. That the parties acquired the following property after commencing their relationship: 1985 Cadillac automobile, 1967 Buick automobile, 1976 Buick automobile, garage (with its contents excepting therefrom items hereinafter declared to be owned by WILLETT'S brother), diamond ring, waterbed, Newer Microwave, Older Microwave, Sylvania Television set, VCR, Recliner chair, 2 bedroom chairs, refrigerator, dishwasher, garbage disposal, carpeting, fencing, drapes and bedspread, stove remodeling of bedroom, painting of interior, remodeling of bedroom and attached garage, cemetery vaults in respective parties name, and Lot 116 Yellow Banks, shed and its contents and travel trailer located thereon, savings and checking accounts in their respective names.

5. Each party is owner of personal property in their respective possession and not specifically mentioned herein.

6. The fair market value of 1713 VanBibber in 1982 was $39,000.00 and the fair market value at time of separation $44,000.00, with $4500.00 of said increased value attributable to the addition of the detached garage. The principal mortgage balance on said real estate was reduced by the sum of $1600.00 during the period of time parties lived together.

7. The Court determines values and/or equity of acquired property as follows: 1985 Cadillac equity is $9500.00; 1976 Buick value is $500.00; 1967 Buick value is $3500.00; Diamond ring value is $5000.00. Lot 116 at Yellow Bank, trailer and shed and their contents value is $5700.00. Items purchased for the real estate and listed as follows are included in the value of the real estate: Refrigerator, dishwasher, garbage disposal, painting of interior, fencing, carpeting, remodeling of bedroom and attached garage, bedspread and drapes, stove, and detached garage.

8. The only debt of the parties is due to Old National Bank and is a lien on the 1985 Cadillac with a balance due of approximately $4500.00.

9. Each party is owner of cash, checking and savings accounts.

10. WILLETT'S brother is declared the owner of his property located in the detached garage at 1713 VanBibber as follows: 2 grease guns' & tubes of grease; rivet gun and rivets; bucket of gloves; shop towels; hacksaw; shop chair on wheels; wrenches; screwdrivers; screws, nuts and bolts; table with lamp attached; 2 large carpet remnants; work bench; storage shelves; and butane heater.

11. That the property of the parties is equitably divisible without the necessity of sale.

## CONCLUSIONS OF LAW

1. That the defendant-counter-claimant take nothing by way of her counterclaim.

2. CLARK is declared the fee simple owner of the real estate commonly known and described as 1713 VanBibber

Avenue, Evansville, Vanderburgh County, Indiana.

3. WILLETT is declared the fee simple owner of the real estate commonly known and described as Lot 116 Yellow Banks, trailer, shed and contents.

4. WILLETT is declared the owner of the 1985 Cadillac automobile and shall be responsible for and hold CLARK harmless on the indebtedness due to Old National Bank.

5. CLARK is declared the owner of the 1967 and 1976 Buick automobiles, diamond ring, waterbed, newer microwave, Sylvania television set, VCR, recliner chair, and 2 bedroom chairs.

6. WILLETT is declared the owner of the older microwave.

7. WILLETT and CLARK are declared the owner of their respective burial vaults.

8. Each party shall be declared the owner of all cash, savings accounts, checking accounts now in their respective names and possessions.

9. Each party is declared the owner of all other personal property now in their respective possession not specifically designated in this order.

10. WILLETT'S brother is declared owner of his personal property located in the detached garage as follows: 2 grease guns and tubes of grease; rivet gun and rivets; bucket of gloves; shop towels; hacksaw; shop chair on wheels; wrenches; screwdrivers; screws, nuts and bolts; table with lamp attached; 2 large carpet remnants; work bench; storage shelves; and butane heater.

11. Each party shall be responsible for her own attorney fees, expenses and shall equally pay the court costs of this action.

We may decide this appeal by determining whether the judgment of the trial court was contrary to law.

A special finding of fact, as opposed to a general finding, contains all facts necessary for recovery by a party in whose favor conclusions of law are found and should contain a statement of the ultimate facts from which the trial court determines legal rights of the parties to the action. *Hunter v. Milhous* (1973), 159 Ind.App. 105, 305 N.E.2d 448. The purpose of making special findings is to provide parties and reviewing courts with the theory upon which the judge decided the case so that the right of review for error might be effectively preserved. *Zalud v. Ethan Associates* (1981), Ind.App., 418 N.E.2d 309.

Whether special findings are adequate depends upon whether they are sufficient to disclose a valid basis under the issues for the legal result reached in the judgment. *Sandoval v. Hamersley* (1981), Ind.App., 419 N.E.2d 813. In reviewing special findings, the appellate court may not affirm the trial court's judgment on any ground which the evidence supports, but must determine if specific findings are adequate to support the trial court's decision. *Orkin Exterminating Co., Inc. v. Walters* (1984), Ind.App., 466 N.E.2d 55.

As we consider the legal sufficiency of the findings of fact and conclusions of law, we will confine ourselves to the basis of recovery which the parties established by their pleadings and which they maintained at trial: partition. Contrary to Clark's assertions, we may not alternatively decide this case on the theory that Willett and Clark had an express or implied agreement that one would receive tangible, monetary rewards for household services rendered for the other, as in *Glasgo v. Glasgo* (1980), Ind.App., 410 N.E.2d 1325. The parties did not rely on this theory at trial, and there was no basis in the record for determining that the parties had made any agreement. Rather, the parties submitted to the court the task of partitioning their jointly-owned real and personal property, which, as co-tenants, they had a right to do. IND.CODE 32-4-5-1; *Burford v. Burford* (1979), 182 Ind. App. 640, 396 N.E.2d 394. Also, while we are unaware of any Indiana appellate decisions sanctioning partition of personal property, the general rule is that a co-tenant of personal property has a right to have it partitioned. 59 Am.Jur.2d *Partition* § 162 (1971). Provided they are the

subject of common ownership, real and personal property may be partitioned in one proceeding. 68 C.J.S. *Partition* § 55 (1950). Indiana law long has recognized that the right to division of a tenancy in common is one of the incidents of co-tenancy. *McClure v. Raber* (1939), 106 Ind.App. 359, 19 N.E.2d 891. Thus, we proceed to adjudge whether the trial court correctly applied the law to the findings of fact when it rendered judgment dividing the parties' joint property.

■ Clark presented evidence at trial that she had been subject to undue influence when she deeded the property to herself and Willett. The court concluded, without any factual findings on the subject of undue influence, that Clark should take nothing on her counterclaim. While we may have been able to review this part of the court's judgment as a general judgment sustainable on any theory, *Mishawaka Brass Mfg. v. Milwaukee* (1983), Ind. App., 444 N.E.2d 855, it was incumbent on the court to issue complete findings, since Clark requested findings on all the issues, not just some of them. *See, Jay Clutter Custom Digging v. English* (1979), 181 Ind.App. 603, 393 N.E.2d 230. We may not infer a negative finding from the court's failure to find any facts on Clark's counterclaim. *Sekerez v. Board of Sanitary Comm'r.* (1974), 160 Ind.App. 13, 312 N.E.2d 98. Given the omission of any findings with respect to whether Willett exerted undue influence on Clark, the findings do not disclose a valid basis for concluding that Clark's counterclaim should be denied. We could reverse and remand on this basis alone. *See, Sandoval v. Hamersley, supra.*

■ However, the judgment also does not disclose a valid basis for the court's giving Clark the VanBibber property, valued at $44,000, and Willett the Yellow Banks property, valued at $5,700. It was undisputed that by the warranty deed, Willett and Clark were co-tenants of the VanBibber real estate. They also owned Yellow Banks jointly. When two or more persons take as tenants in common under an instrument which is silent in regard to their respective shares, there is a presumption that their shares are equal. *Baker v. Chambers* (1980), Ind.App., 398 N.E.2d 1350. This presumption is rebuttable, however, and extrinsic evidence, such as contribution, can be shown to refute it. *Id.*

■ The evidence presented at trial conflicted sharply on the question of each parties' contribution to acquisition of the real and personal property, and to improvements to the VanBibber residence. In a partition proceeding, the trial court can adjust equities relating to the tenancy. *Andrews v. Harris* (1957), 127 Ind.App. 352, 141 N.E.2d 761. A co-tenant may seek compensation for improvements and repairs he made to common property for the benefit of his co-tenants, and the co-tenant who has paid or assumed liens or encumbrances is entitled to proportionate reimbursement at the time of partition. *Janik v. Janik* (1985), Ind.App., 474 N.E.2d 1054. A partition proceeding is an equitable one, in which the court has great flexibility in fashioning relief for the parties. *Cummings v. Anderson* (1980), 94 Wash.2d 135, 614 P.2d 1283.

■ Accordingly, the court could have set off the property to Clark and Willett in proportion to their respective shares, and the factual controversy bearing on the relative contributions was for the trial court to resolve. Nevertheless, the court's judgment resembles not a partition order, but a disposition of property incident to a marriage dissolution.

In the absence of findings as to the parties' respective shares of the two tracts of real estate, and of the jointly-owned personal property, we conclude it is impossible to give the court's judgment any meaningful review. I.C. 32–4–5–4 mandates that the court in a partition action specify the share assigned to each co-tenant. The material issue in a partition action is to what share of the joint property each co-tenant is entitled. This should have been among the court's findings. We reverse and remand this cause to the trial court to make specif-

ic findings of fact respecting Clark's counterclaim and the parties' respective shares.

CHEZEM, P.J., and BAKER, J., concur.