Lawrence E. GOEBEL,
Appellant–Defendant,

v.

BLOCKS AND MARBLES BRAND
TOYS, INC., Appellee–Plaintiff.

No. 54A01–9006–CV–261.

Court of Appeals of Indiana,
First District.

March 12, 1991.

Rehearimg Denied April 25, 1991.

Stephen W. Lyman, Kevin P. Speer, Gary
P. Goodin, Hall, Render, Killian, Heath &
Lyman, Indianapolis, for appellant-defendant.

Conrad G. Harvey, Donald G. Thompson,
Young, Harris & Harvey, Crawfordsville,
for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE FACTS

Lawrence E. Goebel (Goebel) appeals the trial court's declaratory judgment for Blocks and Marbles Brand Toys, Inc. (Blocks and Marbles) and enjoinder of Goebel from pursuing arbitration of an employment contract. We reverse and remand.

## ISSUES

1. Whether the trial court determined that a valid employment contract containing an arbitration clause existed between Goebel and Blocks and Marbles prior to February 3, 1987, and whether such a conclusion was error.

2. Whether, if a valid employment contract existed, the trial court erred in enjoining Goebel from pursuing arbitration and instead in determining, on the merits of the dispute, that the contract was terminated on February 3, 1987.

## FACTS

Mark Launer (Launer) incorporated Blocks and Marbles on May 10, 1985, and operated it and served as its sole director and president until March or April of 1986. On May 20, 1986, he executed an employment agreement with Goebel to employ Goebel as president and chief operating officer. The term of the agreement commenced April 1, 1986, and was to terminate December 31, 1991. Goebel began his duties in April 1986.

On February 3, 1987, the bylaws of the corporation were amended and the board of directors was expanded from one person to not less than three nor more than five persons. Launer resigned as director and sold his stock in Blocks and Marbles. The new board elected Goebel president for a one year term. The directors remaining after Launer's resignation apparently did not become aware of Goebel's employment agreement of May 20, 1986, until some time in 1988.

Although the May 20, 1986, employment agreement provided for Goebel to receive a salary of $5,000 per month plus twenty-five percent of annual pre-tax profits in excess of $150,000, Goebel received substantially less than the agreed-to salary in 1986 and 1987. Nevertheless, he told an accountant and outside auditors preparing financial statements for each year not to show any accrued salary as a liability of the corporation.

On February 9, 1989, four members of the five-member board of directors resigned and a new board was elected on February 27, 1989. On March 14, 1989, the board voted to terminate Goebel's employment effective March 31, 1989. Contending he was owed additional salary for 1986 and 1987, Goebel, on July 12, 1989, filed a notice of intention to hold a corporate employee's lien on Blocks and Marbles' corporate property. In addition, relying on an arbitration provision in the May 20, 1986, contract Goebel filed a request for arbitration of his dispute with Blocks and Marbles. Goebel contended his term of employment was still in effect and benefits were still accruing. The American Arbitration Association scheduled a hearing to arbitrate Goebel's claim on January 17, 1990, but on December 6, 1989, Blocks and Marbles filed a complaint for declaratory judgment and for a preliminary injunction staying the hearing. The trial court ordered a stay of the arbitration proceeding.

On March 2, 1990, the trial court entered findings of fact, conclusions of law, and a judgment granting Blocks and Marbles' request for a preliminary injunction enjoining Goebel from pursuing arbitration and their request for a declaratory judgment. The court determined the employment contract between Goebel and Blocks and Marbles had terminated effective February 3, 1987, because of Goebel's repudiation of the contract. Goebel appeals the trial court's judgment and requests we remand this case to the trial court with instructions to order the parties to proceed to arbitration.

## DISCUSSION AND DECISION

Neither party requested the trial court to make findings of fact. However, Ind. Trial Rule 52(A) requires a trial court to make special findings of fact without request

when granting or refusing a preliminary injunction. "The purpose of making special findings is to provide parties and reviewing courts with the theory upon which the judge decided the case ..." *Willett v. Clark* (1989), Ind.App., 542 N.E.2d 1354, 1357. In reviewing special findings, we "may not affirm the trial court's judgment on any ground which the evidence supports, but must determine if specific findings are adequate to support the trial court's decision." *Id.* In determining whether a trial court abused its discretion in granting a preliminary injunction, we will review the findings of fact to see if they are supported by the evidence and whether the findings are sufficient to support the judgment. *Steenhoven v. College Life Insurance Company of America* (1984), Ind.App., 458 N.E.2d 661, 664–65. We will not set aside the findings unless they are clearly erroneous. Then, we must conclude the trial court has abused its discretion in granting the preliminary injunction. *Id.* at 665.

*Issue One*

Goebel contends the trial court erred by determining matters beyond its jurisdiction. Goebel is correct in his assertion that a trial court has jurisdiction to determine whether a valid agreement to arbitrate a dispute exists. A party seeking arbitration is required to show to the court the existence of a valid agreement to arbitrate and a breach of the arbitration clause by the opposing party. *McCrary Engineering Corporation v. Town of Upland* (1985), Ind.App., 472 N.E.2d 1305, 1307 (citing *Great American Trading Corporation v. I.C.P. Cocoa, Inc.* (7th Cir.1980), 629 F.2d 1282, 1288). Thus, "[t]he issue of whether an agreement to arbitrate exists is a threshold question for judicial determination." *Id.*

At the bench trial, Goebel urged the employment agreement of May 20, 1986, which contained a broad arbitration provision in Section Fourteen, was valid and enforceable. Blocks and Marbles argued the circumstances surrounding the execution of the contract rendered it invalid and unenforceable.

On appeal Blocks and Marbles asserts the trial court "found facts sufficient to determine, [sic] as a matter of law that there was never a valid existing contract." Appellee's Brief at 20. We find Blocks and Marbles' argument specious. The trial court entered a number of findings which consistently refer to the contract of May 20, 1986, in a manner from which we can only conclude that the court found the contract was valid and enforceable at its inception. In its Conclusion of Law No. 7, the trial court stated, "The breach of the contract is effective as of and from February 3, 1987." Record at 178. Our review of the evidence supports the court's findings which refer to the initial existence of a valid employment agreement and our review of the findings supports the court's conclusion that such a valid contract initially existed. We do not find the court's findings on this point clearly erroneous or its conclusion on this point contrary to law.

Blocks and Marbles argues the corporation could not legally enter into the employment agreement to employ a president because the contract directly violated both the statute under which the corporation was created and the corporation's own by-laws. Blocks and Marbles relies in part upon IND.CODE § 23–1–2–13(a), which was in effect on May 20, 1986, but was repealed by P.L. 149–1986, SEC. 65 effective August 1, 1987. That statute required the president to be chosen from among the directors. Because, until their amendment on February 3, 1987, the corporate by-laws provided for only one director and Launer was the sole director at the time of the execution of the employment agreement, Blocks and Marbles urges Goebel, who was not a director, could not serve as president of the corporation without being in violation of I.C. § 23–1–2–13(a).

Blocks and Marbles is not arguing that violation of the statute was illegal, in the sense of being an unlawful act, a violation of some public duty, or a contravention of a rule of public policy. *See* 19 C.J.S. *Corporations* § 574 (1990). Rather, Blocks and Marbles contends that Goebel did not qualify to serve as president of the

corporation and the corporation did not have the power to contract with Goebel. Such a defense is known as an ultra vires defense. *See Krukemeier v. Krukemeier Machine & Tool Co., Inc.* (1990), Ind.App., 551 N.E.2d 885, 888, n. 2.

Blocks and Marbles also argues that: (1) minutes of the directors do not show a resolution authorizing the entering of a contract to make Goebel president or creating an additional office of chief operating officer, (2) the director's minutes do not show approval of the employment contract or acceptance on behalf of the corporation, (3) the execution of the employment agreement was not attested to by the secretary as required by the by-laws, (4) any blanket ratification of action by shareholders could not be considered ratification of the employment agreement because the shareholders were unaware of the material fact of the existence of the agreement, (5) Launer had no authority to enter into the employment agreement as a shareholder or on behalf of shareholders because Launer had failed to pay his subscription for shares of capital stock and had not been lawfully issued shares of stock, and (6) Goebel was a shareholder and, therefore, an insider improperly contracting with the corporation without the consent and approval of all of the shareholders.

Blocks and Marbles contends I.C. § 23–1–22–5 permits it to challenge the employment agreement as a transaction which was an ultra vires act of the corporation and an insider transaction by Goebel. IND.CODE § 23–1–22–5 exactly tracks the language of the Model Business Corporation Act § 3.04. Both state that a corporation in a proceeding against a former director, officer, employee, or agent may challenge its own power to act. The Official Comment to § 3.04 notes that the suit against the director or other agent is for "authorizing or causing the corporation to engage in an ultra vires act; . . ." 1 *Model Business Corporation Act Annotated,* Third Edition, § 3.04 (1990). Otherwise, "the validity of corporate action may not be challenged on the ground that the corporation lacks or lacked power to act." I.C. § 23–1–22–5(a) and 1 *Model Business Cor-*

*poration Act Annotated* § 3.04(a). *Accord, Stadium Realty Corporation v. Dill* (1954), 233 Ind. 378, 119 N.E.2d 893, (courts do not favor ultra vires defense); *Huntington Brewing Company v. McGrew* (1916), 64 Ind.App. 273, 112 N.E. 534 (doctrine of ultra vires concerns only corporation in its relation with the state and shareholders and is not permitted where the doctrine will injure innocent third persons); *Iterman v. Baker* (1938), 214 Ind. 308, 15 N.E.2d 365 (a corporation is liable (1) where a contract is within the apparent scope of authority of the corporate representative, or (2) the other party could not be presumed to be cognizant of the invalidity, or (3) all stockholders knew of the contract.)

Thus, although Blocks and Marbles could have sued Launer for causing or authorizing ultra vires acts, Blocks and Marbles could not defend against Goebel or sue him for authorizing or causing the corporation to enter into an employment agreement with himself. Although the record indicates all of the stockholders did not know of the contract, Launer had apparent authority to enter into the contract and Goebel could not have been presumed to know of the agreement's invalidity. Thus, the above ultra vires defenses were not available to Blocks and Marbles.

The trial court did not make any findings which would support Blocks and Marbles' arguments on these ultra vires defenses. Based on our above analysis, we do not find the absence of findings on the arguments clearly erroneous. Furthermore, we may not consider a ground to affirm the court's judgment upon which the trial court did not decide the case. *See Willett,* 542 N.E.2d at 1357. As we stated above, we do not find the court's conclusion that an employment agreement was made May 20, 1986, to be contrary to law.

*Issue Two*

█ Goebel contends the trial court erred in enjoining Goebel from pursuing arbitration and in determining, on the merits of the dispute, that the contract was terminated on February 3, 1987. Goebel argues that once the court found a contract

with an arbitration clause existed, the court should have ordered the parties to arbitration concerning the other issues raised by Blocks and Marbles.

Blocks and Marbles argues that, by laches or unreasonable delay in asserting his claim for accrued compensation, Goebel is estopped from insisting on his right to arbitrate the dispute. Because Blocks and Marbles did not present this argument to the trial court, it cannot present the argument for the first time on appeal. *Williams v. City of Indianapolis Department of Public Works* (1990), Ind.App., 558 N.E.2d 884, 887. Furthermore, although Blocks and Marbles contends the trial court's findings No. 22 and 23 could be read to support a conclusion that Goebel should be estopped by unreasonable delay from asserting his right to arbitration, we note that the trial court made no such conclusion. We refuse to infer the court meant to make such a conclusion, especially in light of the facts this theory was not before the trial court and the findings otherwise support the court's conclusions that Goebel breached his fiduciary responsibility or committed constructive fraud on the corporation and repudiated his rights under the employment agreement.

Relying on language in IND. CODE § 34-4-2-1(a) that "[a] written agreement to submit to arbitration is valid, and enforceable, ... save upon such grounds as exist at law or in equity for the revocation of any contract[ ]", Blocks and Marbles also argues, as it did before the trial court, that grounds for revocation did indeed exist and the matter was for the trial court to decide. In addition, Blocks and Marbles relies upon *Great American Trading Corporation*, 629 F.2d 1282, for its contention that issues involving matters subsequent to the execution of a contract which may affect the validity of the contract and the arbitration clause within it are matters to be decided by a trial court, not an arbitrator.

As it did before the trial court, Blocks and Marbles now contends the employment agreement was abandoned or revoked, or was repudiated and was discharged by no-

vation and substituted by an agreement for employment at will. Blocks and Marbles also argues Goebel's conduct in failing to disclose the existence of the employment agreement to the shareholders or to the new directors who began serving on February 3, 1987, as well as Goebel's failure to insist on payment according to the contract and his instructions to the accountant and outside auditors not to show his accrued salary as a corporate liability all indicate his intention to abandon or revoke the contract or at least estop him from insisting on the continued existence of the contract. In addition, Blocks and Marbles argues Goebel's conduct constituted a constructive fraud on it.

We agree with Goebel that the trial court, after determining that a contract with an arbitration clause existed, should not have enjoined Goebel from pursuing arbitration of the remainder of the dispute. We are persuaded by language from *U.S. Insulation, Inc. v. Hilro Construction Company, Inc.* (Ct.App.1985), 146 Ariz. 250, 705 P.2d 490 and from *Great American Trading Corporation*, 629 F.2d 1282.

The Court of Appeals of Arizona interpreted the term "grounds in equity or law for revocation of a contract", which term is contained in an Arizona statute, A.R.S. § 12-1501, which is nearly identical to I.C. § 34-4-2-1(a). Relying on the Supreme Court's holding in *Prima Paint Corporation v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), that arbitration clauses, except where the parties intend otherwise, are separable from the contracts within which they are located, the Court of Appeals of Arizona held that the term "grounds for revocation" "refers to grounds alleged with respect to the formation of the arbitration agreement itself, not the underlying contract." *U.S. Insulation, Inc.*, 146 Ariz. at 254, 705 P.2d at 494. *Accord, Stevens/Leinweber/Sullens, Inc. v. Holm Development and Management, Inc.* (Ct. App.1990), 165 Ariz. 25, 795 P.2d 1308. Thus, a question of whether an arbitration agreement ever was made or a question of whether the arbitration clause was repudi-

ated is a question for a court. That is, "a repudiation of the arbitration clause itself will be held to constitute a waiver of the right to arbitrate, [while] a repudiation of any other obligation under the contract will not." *U.S. Insulation, Inc.*, 146 Ariz. at 254, 705 P.2d at 494. Furthermore, "a trial court cannot properly refuse to compel arbitration on grounds of an alleged breach unless the arbitration clause itself has been repudiated." *Id.* at 255, 705 P.2d at 495. Thus, a repudiation of a contract obligation other than the obligation to arbitrate is a question for an arbitrator to decide. As the court noted:

> "[T]he very purpose of arbitration provisions would be defeated and their effectiveness severely limited if a party were held to have abandoned his arbitration rights merely because his actions might be construed to constitute a breach of the contract prior to the time he seeks a clarification of those rights through arbitration."

*U.S. Insulation, Inc.*, 146 Ariz. at 255, 705 P.2d at 495 (quoting *EFC Dev. Corp. v. F.F. Baugh Plumbing & Heating* (1975), 24 Ariz.App. 566, 569, 540 P.2d 185, 187).

■ "Grounds in equity or law for revocation of a contract include an allegation that the contract is void for lack of mutual consent, consideration or capacity or voidable for fraud, duress, lack of capacity, mistake, or violation of a public purpose." *U.S. Insulation, Inc.*, 146 Ariz. at 253, 705 P.2d at 493. A question whether there has been a novation of a contract is similarly a "threshold issue of whether a contract and the making of an agreement to arbitrate existed with regard to the dispute between the parties." *Great American Trading Corporation*, 629 F.2d at 1288. Thus, a contention that there has been a novation of a contract is for a court to decide. *Id.*

■ In contrast to such threshold issues regarding the making of a contract are issues arising after formation of a contract and agreement to arbitrate, such as contentions of fraud in the inducement, waiver, and termination of contract. Those are issues which should be referred to an arbitrator. *Id.*

■ In the present case, once the trial court determined that a contract with an arbitration clause had been made, the trial court should have considered only Blocks and Marbles' argument that novation of the agreement had occurred. However, because the court did not find that a novation occurred, we may not affirm the trial court's judgment on such a ground.

Questions of constructive fraud, abandonment, rescission, and repudiation, whether directly or by acts estopping Goebel's reliance on the contract, were all questions for an arbitrator to decide. We hold the trial court abused its discretion and exceeded its jurisdiction to decide the existence of an arbitration agreement when it considered those issues. The trial court's conclusions, that Goebel's actions amounted to constructive fraud and breached his fiduciary responsibility to Blocks and Marbles which in turn breached the employment agreement and constituted a repudiation of Goebel's rights under it, are therefore contrary to law. Furthermore, these issues upon which the court made conclusions involve the entire contract and are themselves matters for arbitration.

Because the trial court concluded an arbitration agreement initially existed and there was no novation of that agreement, the trial court abused its discretion in granting a declaratory judgment to Blocks and Marbles and in enjoining Goebel from pursuing arbitration of the parties' dispute. We reverse and remand to the trial court to amend its declaratory judgment in accordance with this opinion, to dissolve the injunction, and to order the parties to arbitration.

Reversed and remanded.

ROBERTSON and BAKER, JJ., concur.