**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Mar 11 2013, 10:06 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**REBECCA L. LOCKARD**
Jeffersonville, Indiana

ATTORNEY FOR APPELLEES:

**STEPHEN W. VOELKER**
Voelker Law Office
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TOWN OF CLARKSVILLE, INDIANA | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 10A05-1202-CT-105 |
| | ) | |
| CHRIS CONTE and MARY ANN CONTE, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Vicki L. Carmichael, Judge
Cause No. 10C04-0901-CT-19

**March 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

The Town of Clarksville, Indiana ("the Town") appeals the trial court's judgment in favor of homeowners, Chris Conte ("Conte") and Mary Ann Conte (together, "the Contes"), in the Contes' negligence action for damages suffered when sewage backed up into their home from a town-owned sewer. On appeal, the Town contends that the trial court erred in finding negligence and in calculating the Contes' damages.

We vacate the judgment of the trial court and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

The Contes filed their negligence complaint on January 7, 2009. On December 5, 2011, the Contes filed a request for findings of fact and conclusions thereon. *Appellees' App.* at 2. Following a bench trial, the trial court found the Town breached its duty to the Contes and awarded them damages in the sum of $28,644.47, "with post-judgment [interest] of 8%." *Appellees' App.* at 6. The Town now appeals.

## DISCUSSION AND DECISION

The Town contends that the trial court erred in finding that the Town was negligent when it breached a duty owed to the Contes. Here, the Contes filed a request for findings of fact and conclusions thereon. *Appellees' App.* at 2. Thus, our standard of review arises from that request. In reviewing an order in which the trial court makes findings of fact and conclusions thereon, our standard of review is well-settled:

> First, we determine whether the evidence supports the findings and second, whether the findings support the judgment. In deference to the trial court's proximity to the issues, we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. We do not reweigh the evidence, but consider only the evidence favorable to the trial court's judgment. Challengers must establish that the trial court's

findings are clearly erroneous. Findings are clearly erroneous when a review of the record leaves us firmly convinced a mistake has been made. However, while we defer substantially to findings of fact, we do not do so to conclusions of law. Additionally, a judgment is clearly erroneous under Indiana Trial Rule 52 if it relies on an incorrect legal standard. We evaluate questions of law de novo and owe no deference to a trial court's determination of such questions.

*Thalheimer v. Halum*, 973 N.E.2d 1145, 1149-50 (Ind. Ct. App. 2012) (quoting *McCauley v. Harris*, 928 N.E.2d 309, 313 (Ind. Ct. App. 2010), *trans. denied*). The purpose of making special findings is to provide parties and reviewing courts with the theory upon which the judge decided the case so that the right of review for error might be effectively preserved. *Willett v. Clark*, 542 N.E.2d 1354, 1357 (Ind. Ct. App. 1989).

In order to prevail on a claim of negligence the plaintiff must show: (1) duty owed to plaintiff by defendant; (2) breach of duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by defendant's breach of duty. *Williams v. Cingular Wireless*, 809 N.E.2d 473, 476 (Ind. Ct. App. 2004) (citing *King v. Ne. Sec., Inc.*, 790 N.E.2d 474, 484 (Ind. 2003)), *trans. denied*.

Following the trial, the trial court entered the following findings and conclusions:

1. The Plaintiffs own property at 110 Plum Lake Court, Sellersburg, Indiana, which is provided sewer services through the Town of Clarksville through American Water Company.

2. The sewer lines backed up and flooded Plaintiffs' home on April 23 and April 24, 2008.

3. It is the duty of a municipal corporation to maintain its drainage so as to prevent injury to property. *City of Cannelton v. Bush*, 91 N.E. 359 (Ind. Ct. App. 1910).

4. Defendant[1] offered testimony from Matt Taylor of American Water who stated "Clarksville has a duty to maintain and repair sewers and to inspect and to clean periodically." He testified about a repair that had been done on this particular line 5-8 years prior and that the line was cleaned then. He said they do not regularly inspect lines unless there's an indication or a problem, although they regularly clean lines. However, he could not testify about the specific maintenance schedule or when this line was cleaned prior to the date in question.

5. Clarksville has a duty to maintain the sewer lines to prevent injury to property or owners. Clarksville has been negligent in that duty.

6. Plaintiffs' home was damaged as a result of Clarksville's negligence in maintaining and inspecting the sewer line.

7. Because Plaintiffs remodeled their basement, rather than simply repairing the damage, the Court finds damages based on Plaintiffs' submitted exhibits. Exhibit 6 reflected an estimate for clean-up of $22,971.59, and Plaintiffs' uncontested estimation of damaged personal property was $5,672.88 for total damages of $28,644.47.

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED that the Plaintiffs, Chris Conte and Mary Ann Conte, are granted a judgment against the Defendant, Town of Clarksville, Indiana, in the sum of $28,644.47, with post-judgment of 8%.

*Appellees' App.* at 5-6.

The findings entered by the trial court must serve as an adequate basis for the legal result reached in the judgment. *Town of Rome City v. King*, 450 N.E.2d 72, 77 (Ind. Ct. App. 1983). Where special findings are made by the trial court, they must be sufficient to disclose a valid basis for the legal result reached in the judgment. *Id.* The purpose of special findings is to provide the parties and reviewing court with the theory upon which the dispute was

---

[1] The trial court was incorrect in finding that Taylor was the Town's witness; the Town did not offer any witnesses. Taylor testified as a witness for the Contes. *Tr.* at 63.

4

resolved. *Id.* Whether special findings are adequate depends upon whether they are sufficient to disclose a valid basis under the issues for the legal result reached in the judgment. *Willett*, 542 N.E.2d at 1357. In reviewing special findings, the appellate court may not affirm the trial court's judgment on any ground that the evidence supports, but instead, must determine if specific findings are adequate to support the trial court's decision. *Id.*

Here, the trial court made only two factual findings—Finding (1) that the plaintiffs owned the real estate here at issue and Finding (2) that the sewer backed up and flooded the Contes' home on April 23 and 24, 2008. Findings (3), (5) and (6) are legal conclusions. Finding (4) is not a finding of fact, but, rather, is only the observation that certain evidence was introduced.

These findings are not sufficient to support the judgment that: (1) the Town had a duty; (2) breached that duty by allowing conduct to fall below the applicable standard of care; (3) the Contes' injury was proximately caused by the Town's breach; and (4) the damages are appropriate.

First, it is unclear whether the trial court considered the over-night incident giving rise to the Contes' claim to be one event or two separate events, and if the latter, which of the two events the trial court was addressing.

Second, the trial court has not made findings regarding how the Town's actions or inactions constituted a breach, when that breach occurred and how that breach proximately caused the Contes' loss.

Finally, the trial court does not make clear how it calculated the damages and what elements of damage were proximately cause by the Town's negligence.

Therefore, under the authority of Appellate Rule 66 (C)(7) and (8), we remand with instructions that the trial court enter more specific findings and conclusions to support its judgment. On remand, the trial court is free under Trial Rule 52(B) to:

> open the judgment, . . . take additional testimony, amend or make new findings of fact and enter a new judgment or any combination thereof if:
>
> (1) the judgment or findings are either against the weight of the evidence, or are not supported by or contrary to the evidence;
>
> (2) special findings of fact required by this rule are lacking, incomplete, inadequate in form or content or do not cover the issues raised by the pleadings or evidence;
>
> (3) special findings of fact required by this rule are inconsistent with each other; or
>
> (4) the judgment is inconsistent with the special findings of fact required by this rule.

Vacated and remanded with instructions.

MATHIAS, J., and CRONE, J., concur.